UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ARIEL RUIZ-ALFONSO

       Plaintiff,
vs.

DOMINION TOWER L.C.,
A Florida Limited Liability Company,

       Defendant.
_____/

## COMPLAINT

Plaintiff ARIEL RUIZ-ALFONSO (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendant DOMINION TOWER L.C., a Florida Limited Liability Company (hereinafter "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff was employed by Defendant. Specifically, Plaintiff performed work for Defendant as a maintenance worker from on or about December 2010 until on or about September 17, 2021. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Defendant has its principal place of business in Hollywood, Florida. Defendant had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Defendant is a domestic company that operates and manages properties in Miami, Florida. Defendant regularly engaged in interstate commerce by purchasing tools and materials that came from areas outside of Florida; marketing and advertising its properties to out of state customers; accepting payments from customers based on credit cards issued by out of state banks; and using telephones or computers to place and accept business calls.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce.

10. Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years.

11. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

13. Plaintiff began working for Defendants in December 2010 as a maintenance worker. Plaintiff's duties included various maintenance and repair work and any other requests Defendant requested of him.

14. Plaintiff was employed by Defendant as an hourly employee at one of Defendant's apartment complexes within the three years preceding the filing of this Complaint.

15. During the entire employment, Plaintiff was scheduled to work, Monday through Friday from 8:00 AM -5:00 PM. In addition to this schedule, Plaintiff was on call 24 hours a day/7 days a week and was required to respond to maintenance requests regardless of the time these requests were received.

16. However, he did not receive any payment from Defendant for the hours he worked on emergency maintenance requests outside of his regular schedule.

17. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

18. Defendant and its representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

19. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

20. Furthermore, in addition to his hourly rate, Defendant gave Plaintiff a rent discount for living on-premises during his employment.

21. While Defendant paid Plaintiff one-and-one-half (1.5) times his base hourly rate for some of the hours worked over forty (40) in a workweek, Defendant did not include rent discounts given to Plaintiff in his regular rate of pay when calculating his overtime rate of pay.

22. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

23. Defendant violated the FLSA by not including rent discounts for Plaintiff who lived on-premises in his regular rate when calculating his overtime pay.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME

26. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

27. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. Since the commencement of Plaintiff's employment Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

29. Specifically, throughout his employment Plaintiff worked over forty (40) hours during some of the workweeks in which he was employed.

30. Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

31. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor and did not have decision-making authority.

32. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

33. Furthermore, Defendant violated the FLSA by not including rent discounts given to Plaintiff in his regular rate when calculating his overtime pay for the hours he was compensated.

34. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

36. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ARIEL RUIZ-ALFONSO demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 24, 2023

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com